UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JASON McCLURE,

    Plaintiff,

v.                                                                                    Case No. 1:14-CV-845

UNITED PARCEL SERVICE                                      HON. GORDON J. QUIST
FLEXIBLE BENEFITS PLAN,
and STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT STATE FARM'S MOTION TO DISMISS

### BACKGROUND

Plaintiff, Jason McClure, is a participant in the United Parcel Service Flexible Benefits Plan (the Plan), a welfare benefit plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* In addition, McClure is insured for Michigan no-fault personal injury protection benefits under an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company. The State Farm policy is a "coordinated" policy that renders State Farm's coverage excess or subordinate to other coverage for medical expenses and work loss. On October 8, 2009, McClure was injured in an automobile accident and suffered extensive injuries. On March 23, 2011, while still recovering from the injuries sustained in the first accident, McClure was involved in another accident and suffered additional injuries.

Following each accident, McClure notified State Farm of his injuries and expenses, but State Farm refused to pay McClure's expenses. Some or all of McClure's expenses were paid by Aetna Life Insurance under coverage afforded McClure's employer, United Parcel Service. Aetna has

claimed that all of these expenses were actually paid by the Plan and that the Plan is not insured or indemnified in any way by Aetna. The Plan has engaged Accent Cost Containment Solutions to obtain reimbursement from McClure for the medical expenses the Plan has paid on his behalf.

On September 14, 2012, McClure filed a lawsuit in Kent County Circuit Court against the drivers of the other vehicles involved in the two accidents and against State Farm. In the state-court lawsuit, McClure seeks to recover non-economic damages from the other drivers involved in the two accidents, and his medical expenses from State Farm. State Farm apparently contends that it is not liable for McClure's medical expenses because coverage under McClure's no-fault policy is subordinated to the Plan's liability for payment of McClure's expenses.[1]

McClure filed his complaint in the instant case pursuant to ERISA on August 8, 2014, alleging that the Plan contains a coordination of benefits provision that may render the State Farm policy primary for McClure's accident-related medical expenses. McClure also alleged that the Plan contains a reimbursement/subrogation provision that allows the Plan to obtain reimbursement for any amounts that McClure may recover from State Farm in the state-court litigation. McClure alleged that he filed this action because State Farm denies liability in the state-court action for McClure's medical expenses, and the Plan has not cooperated with McClure's request for plan documents that would prove that the Plan is an ERISA plan. In his four-count complaint, McClure sought a judgment: (1) declaring the rights of the parties under the Plan and the State Farm policy and determining that State Farm is required to reimburse the Plan for all accident-related medical expenses incurred by the Plan (Count I); (2) requiring the Plan to intervene in the state-court action to exercise its subrogation rights and protect its interests (Count II); (3) enjoining the Plan from seeking reimbursement from any recovery that McClure might obtain against the other drivers in

---

[1] Section 3109a of Michigan's No-Fault Act requires no-fault insurers to offer, at reduced premiums, insurance coverage that coordinates with other insurance that their insureds may have. *See Transamerica Ins. Co. of N. Am. v. Peerless Indus. (MASCO)*, 698 F. Supp. 1350, 1351 (W.D. Mich. 1998).

2

the state-court action (Count III); and (4) ordering State Farm to reimburse McClure to the extent the Plan is deemed to be entitled to reimbursement from McClure's potential recoveries against the other drivers in the state-court action (Count IV).

In response to McClure's complaint, State Farm filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of ripeness and 12(b)(6) for failure to state a claim. State Farm also moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[2] McClure responded to State Farm's motion by filing an amended complaint within the time allowed by Federal Rule of Civil Procedure 15(a)(1)(B) and by filing a response to State Farm's motion. In his response, McClure argues that his claim is ripe because both the Plan's terms and the State Farm policy suggest that State Farm has primarily liable for McClure's accident-related medical expenses, and the issue of liability for these expenses is an issue of immediate concern not dependent upon future developments.

## DISCUSSION

Although the filing of an amended pleading ordinarily moots a pending motion to dismiss, *see Jackson v. EME Homer City Generation L.P.*, No. 2:11-cv-28, 2011 WL 4859998, at *1 (W.D. Pa. Oct. 13, 2011); *Marshall W. Nelson & Assocs., Inc. v. YRC Inc.*, No. 11-C-0401, 2011 WL 3418302, at *1 (E.D. Wis. Aug. 3, 2011), the Court will consider State Farm's motion to the extent it raises lack of ripeness as a basis for dismissal because ripeness implicates the Court's jurisdiction under Article III. *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 808, 123 S. Ct. 2026, 2030 (2003).

"The ripeness doctrine . . . is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction and serves to avoid[] . . . premature

---

[2] State Farm's primary argument is that McClure's claims are not ripe because McClure has not obtained a recovery in state court and the prospect that he will do so remains entirely speculative. State Farm raised arguments on the merits as to why Counts II and III should be dismissed, but conceded that those claims are not asserted against State Farm. Accordingly, State Farm's motion provides no basis for dismissal of Counts II and III, which are asserted solely against the Plan.

3

adjudication of legal questions, thus prevent[ing] courts from entangling themselves in abstract debates that may turn out differently in different settings." *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 342 (6th Cir. 2009) (internal quotations omitted) (alterations in original). The Sixth Circuit considers three factors in evaluating ripeness:

> First, we examine the likelihood that the harm alleged by [the] plaintiffs will ever come to pass. Second, we consider whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims. Finally, we must assess the hardship to the parties if judicial relief is denied at [this] stage in the proceedings.

*Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 568 (6th Cir. 1995) (quotation marks and citations omitted) (alterations in original). In the context of a request for declaratory relief, "[t]he test to be applied . . . 'is whether . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506, 92 S. Ct. 1749, 1755 (1972) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512 (1941)).

Based on the circumstances that McClure alleges in his amended complaint, the Court concludes that McClure's claims are ripe for adjudication. First, there is more than a mere possibility that McClure will obtain a third-party recovery from which the Plan will seek reimbursement. McClure has alleged that the Plan has already demanded reimbursement from any recovery in the state-court litigation, and McClure seeks a recovery against State Farm and the other drivers. Whether the Plan's coverage is coordinated with State Farm's coverage is an issue that directly impacts McClure's claim against State Farm in the state-court litigation. Moreover, the uncertainty of whether State Farm's coverage is primary presents a substantial controversy of sufficient immediacy between parties having adverse interests. In fact, the parties in the state-court litigation have stipulated to adjourn trial in that case pending a decision by this Court. Second, the

factual record is sufficiently developed to allow this Court to render a fair adjudication on the merits of the claims. The Plan documents and State Farm's policy, both of which are already in the record, are the primary documents bearing on the claims at issue and it is unlikely that any discovery will be required to resolve the legal issues. Finally, as to hardship, a ruling from this Court will likely aid the state court in resolving McClure's claim against State Farm and may guide the parties in formulating their state-court litigation strategies.

In *Weigandt v. Farm Bureau General Insurance Company of Michigan*, No. 14-12078, 2014 WL 5092905 (E.D. Mich. Oct. 9, 2014), the court rejected a virtually identical ripeness argument based on facts similar to those presented in this case. The plaintiff in *Weigandt*, a participant in an ERISA plan who was injured in an automobile accident, sued her no-fault insurer in state court seeking to recover non-economic damages under her no-fault policy's uninsured motorist provisions. Concerned that the plan would seek reimbursement for medical expenses from any state-court recovery—which would not cover medical expenses—pursuant to the plan's reimbursement and subrogation provisions, the plaintiff filed a lawsuit in federal court under ERISA, asking the court to declare the rights and duties of the parties regarding payment of the plaintiff's benefits, and the priority of coverage under the plan and the no-fault policy. Like State Farm in the instant case, the no-fault insurer argued that the plaintiff's claims were not ripe because any recovery was only "potential." The court disagreed, concluding that the plaintiff's claims were ripe even without a recovery:

> The plaintiff alleges in this case that she is a participant in the DMC Plan, that the Plan contains a requirement that she reimburse it for medical expenses paid for her care for injuries sustained in the car crash from funds recovered, that the Plan in fact paid medical expenses, and that she presently is seeking recovery from a third-party source for accident-related injuries. The plaintiff has alleged that the other driver was at fault for the accident and that she has uninsured motorist coverage in effect. Her likelihood of a recovery from a third-party source is more than conjectural, and the Plan's intention to enforce its reimbursement rights is virtually certain. The decision requires an interpretation of the Plan and insurance

> documents; therefore, the factual record is more than adequate. And the plaintiff's litigation decisions in her state court case may turn on her assessment of the net recovery she could receive, which would be affected substantially by whether the Plan could obtain a share of the recovery. The plaintiff has presented a live controversy that is ripe for adjudication.

*Id.* at *6. The same is true in the instant case. In fact, the state court has stayed proceedings in the underlying case pending a decision from this Court pertaining to the coordination of benefit issues. Undoubtedly, this was to preserve the opportunity to get all the relevant payers into one forum in order to resolve these issues.

Therefore,

**IT IS HEREBY ORDERED** that Defendant State Farm's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and its Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (dkt. #6) is **DENIED**.

**IT IS FURTHER ORDERED** that, unless the parties otherwise notify the Court of the necessity of a Rule 16 conference, McClure shall file her motion for summary judgment on or before **March 26, 2015**. The briefing schedule set forth in the Court's local rules shall apply.


Dated: February 25, 2015              /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE